IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALLEN EDWARDS, an individual; NANCY EDWARDS, an individual; and ENVIRONMENTAL LAW FOUNDATION, a non-profit organization,

    Plaintiffs,

vs.

CITY OF COLFAX, a municipal corporation,

    Defendant.

No. CIV S-07-2153 GEB EFB

ORDER

This closed action is before the undersigned pursuant to a November 2008 settlement agreement entered into between the parties and a January 23, 2009 order stating "that the District Court, through Magistrate Brennan, shall retain jurisdiction over Civil Case No. 2:07-CV-02153 GEB (EFB) for the sole purpose of enforcing compliance by the Parties with the terms of the Agreement attached as Exhibit A to the Parties' Stipulation to Dismiss with Prejudice." Dckt. No. 42.

On April 14, 2010, the undersigned heard plaintiffs' motion for an order finding defendant in civil contempt for violation of the settlement agreement, which the court construed as a motion for an order enforcing the settlement agreement, Dckt. No. 43, and defendant's

motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) or for declaratory relief, Dckt. No. 52. Then, on April 22, 2010, the undersigned issued an order denying defendant's motion for relief from judgment and granting plaintiffs' motion for an order enforcing the settlement agreement. Dckt. No. 71. The April 22 order stated that "[p]laintiffs will be entitled to recover some of the stipulated penalties plaintiffs seek pursuant to the settlement agreement, reasonable attorney's fees, and appropriate injunctive relief to compel defendant's compliance with the settlement agreement," and set an evidentiary hearing in this action for July 1, 2010, at 9:30 a.m. in Courtroom No. 24, to determine the appropriate injunctive relief. *Id.* at 2. The court stated that after the evidentiary hearing, it would "determine what injunctive relief is appropriate, as well as what monetary penalties to award to plaintiffs and how to allocate those penalties, and what attorney fees are reasonable to award to plaintiffs." *Id.* The court noted in a footnote that "[a]lthough the undersigned indicated at the April 14 hearing that the amount of monetary penalties to award to plaintiffs would be decided prior to the evidentiary hearing, because the undersigned will likely require some of the penalties to be used to implement whatever injunctive relief is awarded, the undersigned will instead determine the appropriate amount of monetary penalties after the evidentiary hearing." *Id.* at 2, n.1.

However, on May 4, 2010, plaintiffs filed an ex parte application for an order requiring the payment of attorneys' fees and costs. Dckt. No. 72. Plaintiffs argue that the court should order the payment of fees and costs now because "(1) Plaintiffs have limited resources, and the evidentiary hearing will require a substantial additional commitment; and (2) [defendant's] future ability to pay is questionable." *Id.* at 3. Specifically, plaintiffs note that their fees and costs through April 14, 2010 total $186,603.64, and contend that "[t]his is a substantial sum for Plaintiffs Allen and Nancy Edwards – who are a family of limited financial means – and Environmental Law Foundation – a grassroots non-profit," and that "Plaintiffs will incur significant attorneys' fees and costs, and in particular engineering consultant costs (likely equal to or exceeding current costs), in preparing for and participating in the evidentiary hearing set for

2

July 1, 2010." *Id.* at 4.  Additionally, plaintiffs contend that defendant's statements about its dire financial situation "raise real issues about [defendant's] ability to pay the fees and costs incurred to date, as well as the looming possibility of [defendant] seeking bankruptcy protection at the eleventh hour."  *Id.*  Therefore, plaintiffs request that the court order defendant to pay plaintiffs' attorneys' fees and costs within fourteen days.  *Id.* at 5.

Defendant opposes the ex parte application, arguing that the request is premature and "contrary to the orderly process set forth in the Court's April 22, 2010 Order."  Dckt. No. 78 at 6.  Defendant also specifically challenges the amount of fees and costs on several grounds.  *Id.* at 6-15.  Finally, defendant requests, if the court issues an order requiring defendant to pay plaintiffs' fees and costs now, that the court allow defendant to pay those fees and costs over time.  *Id.* at 15.

Although the court is sympathetic to plaintiffs' predicament, especially in light of defendant's many failures to comply with the settlement agreement entered into in this action, plaintiffs have not shown why their attorneys' fees and costs should be paid now, rather than after the quickly approaching July 1 evidentiary hearing, as contemplated by the April 22 order.  It would be significantly more efficient and appropriate for the court to determine what attorney fees are reasonable to award to plaintiffs, as well as what monetary penalties to award to plaintiffs and how to allocate those penalties, after the evidentiary hearing.  The evidentiary hearing will be held in just under one month, and it is unclear to the court why defendant's "dire financial situation" would present any greater an obstacle to defendant's ability to pay the fees and costs after the evidentiary hearing than it does at this time.  Therefore, plaintiffs' ex parte application for the immediate payment of its fees and costs, Dckt. No. 72, is denied.

SO ORDERED.

DATED:  June 2, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE