IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALLEN EDWARDS; NANCY EDWARDS;
ENVIRONMENTAL LAW FOUNDATION,

    Plaintiffs,                                  No. CIV S-07-2153 GEB EFB

  vs.

CITY OF COLFAX,

    Defendant.                                 <u>ORDER</u>

_____/

        This closed action is before the undersigned pursuant to a November 2008 settlement agreement entered into between the parties and a January 23, 2009 order stating "that the District Court, through Magistrate Brennan, shall retain jurisdiction over Civil Case No. 2:07-CV-02153 GEB (EFB) for the sole purpose of enforcing compliance by the Parties with the terms of the Agreement attached as Exhibit A to the Parties' Stipulation to Dismiss with Prejudice" ("Settlement Agreement"). Dckt. No. 42; *see also* Dckt. No. 39. On November 2, 2010, the undersigned issued an Order Re: Compliance with the Settlement Agreement. Dckt. No. 113. Among other things, the November 2010 order set forth a schedule for regular status conferences to be held in this action. *Id.*

        On September 14, 2011, the parties were before the undersigned for a status conference.

////

At the status conference, the undersigned denied without prejudice plaintiffs' request for an award of attorney's fees and costs (in the amount of $26,240.53) under ¶ 33 of the November 2010 order, which plaintiffs contend were incurred due to defendant's significant non-compliance with this court's orders and changed circumstances related to the wastewater treatment plant and Pond 3.  Dckt. No. 131 at 10-11; Dckt. No. 140 at 1-7.  Specifically, the request for fees and costs arose after defendant's emergency decision in March 2011 to discharge 25 million gallons of liquid from Pond 3.

Paragraph 33 of the November 2010 order provides that defendant will reimburse plaintiffs' counsel a total sum not to exceed $40,000, for the life of the order, "[t]o compensate Plaintiffs for time to be spent by legal staff and/or technical consultants related to overseeing and enforcing the City's compliance with this Order, and participating in joint reports and quarterly status conferences. . . ."  The last sentence of Paragraph 33 also provides that "[s]hould significant non-compliance with this Order occur, or a significant change in circumstances related to the Pond No. 3 liner occur, Plaintiffs may move this Court to award fees and costs above the cap specified."  The court denied plaintiffs' request at the September 14 status conference because it does not opine that there has been "significant non-compliance with th[e] [November 2010] Order" or "a significant change in circumstances related to the Pond No. 3 liner" at this time, since it is still possible that defendant will meet the de-watering schedule for Pond 3 (which, by the very terms of the November 2010 order, may be extended based on rainfall in the 2010-2011 wet season and/or the 2011-2012 wet season, if average or above average rain occurs), as well as for the additional reasons stated at the September 14 hearing.  The court also took into consideration the fact that defendant will be paying plaintiffs a significant stipulated penalty for the emergency discharge.

Also at the September 14 hearing, the court granted plaintiffs' request for an order requiring defendant to pay $40,000 as payment of defendant's stipulated penalty for its 25 million gallon spill from Pond 3.  The parties agree that a $40,000 stipulated penalty is owed to

1  plaintiffs under the Settlement Agreement, but defendant had requested that payment be deferred
2  until at least June 30, 2012, while the Regional Water Board makes a determination on pursuing
3  discretionary enforcement against defendant for the emergency discharge from Pond 3.  Dckt.
4  No. 131 at 9-10, 22-23; Dckt. No. 140 at 10.  Although ¶ 70 of the parties' Settlement
5  Agreement provides that if defendant "is required to pay a penalty to a state or federal agency for
6  a spill from Pond #3, then the total amount due [] shall be the difference between the penalty that
7  was paid and the stipulated penalty due," the court found at the September 14 hearing that
8  because plaintiffs are nonetheless entitled to payment of the stipulated penalties now pursuant to
9  ¶ 71 of the Settlement Agreement, the payment should not be deferred.  Therefore, defendant
10 will be directed to pay plaintiffs a $40,000 stipulated penalty within thirty days.  If defendant is
11 ultimately required to pay a penalty to a state or federal agency for a spill from Pond 3, plaintiffs
12 shall reimburse defendant (without interest, as discussed at the September 14, 2011 status
13 conference) for the penalty that was paid.

14       Accordingly, IT IS HEREBY ORDERED that:

15       1. Plaintiffs' request for an award of attorney's fees and costs under ¶ 33 of the
16 November 2010 order is denied without prejudice.

17       2. If defendant has not already done so, defendant shall pay to plaintiffs a $40,000
18 stipulated penalty within thirty days of the date of this order.

19       3. If defendant is required to pay a penalty to a state or federal agency for a spill from
20 Pond 3, plaintiffs shall reimburse defendant (without interest) for the penalty that was paid
21 within thirty days of any such payment.

22 DATED: November 2, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE